JUDGE COTE

Peter D. Vogl
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Attorneys for Plaintiff
CHATHAM IMPORTS, INC.

15 CV 02016

RECEIVED
MAR 17 2015
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHATHAM IMPORTS, INC.,

Plaintiff,

v.

MARC L. REBER, ERIK WOLFE and
AVIANNA PONZI WOLFE d/b/a
BOMBERGER'S DISTILLERY and
THISTLE FINCH DISTILLING LLC,

Defendants.

Civ. Action No.

**COMPLAINT**

---

Plaintiff Chatham Imports, Inc. ("Chatham") brings this action for trademark infringement, unfair competition and false designation of origin, and related claims under New York law for common law trademark infringement, dilution and unfair competition against Defendants Marc L. Reber, Erik Wolfe and Avianna Ponzi Wolfe d/b/a Bomberger's Distillery and Thistle Finch Distilling LLC (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.  This action is brought by Chatham under the Lanham Act, 15 U.S.C. § 1125, and New York state law, seeking injunctive and monetary relief relating

to Defendants' use of the designation "BOMBERGER'S DISTILLERY" in connection with the advertising, promotion and sale of its whiskey product.

2. Chatham has adopted and used continuously, since prior to September 23, 2014, the mark BOMBERGER'S DECLARATION on labels and packaging, and in connection with the promotion and sales of its bourbon whiskey.

3. Defendants adopted the confusingly similar "BOMBERGER'S DISTILLERY" designation to identify their competing whiskey product, and offer their whiskey product to the same consumers through the same channels of trade as Chatham offers its whiskey.

4. The use of the "BOMBERGER'S DISTILLERY" designation by Defendants in connection with whiskey is likely to cause consumers and the trade to wrongly associate Defendants' whiskey product with Chatham, causing the purchasing public to be confused or mistaken into believing that Defendants' product originates with, emanates from, or is approved, licensed, or sponsored by Chatham, or that Defendants and their whiskey product are affiliated with Chatham.

5. Absent injunctive relief, Defendants' use of the "BOMBERGER'S DISTILLERY" designation is likely to cause confusion, mistake, or deception among the parties' consumers, will dilute the BOMBERGER'S DECLARATION mark, and Chatham will suffer irreparable injury for which there is no adequate remedy at law. Through this action, Chatham seeks to protect its valuable trademark rights in its BOMBERGER'S DECLARATION trademark, and to prevent confusion among the consuming public.

## THE PARTIES

6. Plaintiff Chatham is a corporation organized under the laws of the State of New York with its principal place of business located at 245 Fifth Avenue, Suite 1402, New York, New York, 10016. Chatham is licensed to do business in the State of New York. Chatham promotes and sells its distilled spirits in interstate commerce and throughout this District.

7. On information and belief defendant, Marc L. Reber is an individual residing at 1500 Lexington Avenue, Apartment 3L, New York, New York, 10029. Mr. Reber is the applicant for the trademark application for the designation BOMBERGER'S DISTILLERY filed with the U.S. Patent & Trademark Office ("USPTO"). On information and belief, Mr. Reber is part of the team behind the production, distribution and sale of "BOMBERGER'S DISTILLERY" whiskey.

8. On information and belief, defendants Erik Wolfe and Avianna Ponzi Wolfe are individuals residing at 208 E. New Street, Lititz, Pennsylvania, 17543. On information and belief, Mr. and Ms. Wolfe are doing business as Bomberger's Distillery and are responsible for the production, distribution, promotion, advertising and sale of whiskey under the "BOMBERGER'S DISTILLERY" designation.

9. On information and belief, defendant Thistle Finch Distilling LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 417 West Grant Street, Lancaster, Pennsylvania, 17603. On information and belief, Thistle Finch Distilling LLC is the bottler and seller of whiskey bearing the "BOMBERGER'S DISTILLERY" designation.

OHSUSA:761490211.1

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff Chatham and defendant Marc L. Reber reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

12. The Court has personal jurisdiction over Defendants because, on information and belief, Defendants are present and transacting business within this District either directly or through their agents, and are committing infringing acts within this District and the State of New York.

13. On information and belief, Defendants promote, distribute, and sell their whiskey products bearing the "BOMBERGER'S DISTILLERY" designation through Michael Skurnik Wines, 48 West 25th Street, 9th Floor, New York, New York, 10010, an importer and distributor based in New York, and through Caskers LLC, an online retailer with a principal place of business at 412 Broadway, 2nd Floor, New York, New York, 10013.

14. On information and belief, Thistle Finch Distillery LLC bottles and sells whiskey bearing the "BOMBERGER'S DISTILLERY" designation that are available for purchase through Michael Skurnik Wines and Caskers LLC.

OHSUSA:761490211.1

## FACTS COMMON TO ALL CLAIMS

### Chatham Has Exclusive Rights to the BOMBERGER'S DECLARATION Trademark

15.  Chatham is a nationally known importer and distributor of premium alcohol brands, and its products are widely distributed and well-known throughout the United States, New York and this District. Chatham has continuously used its trademark BOMBERGER'S DECLARATION in connection with the marketing, sale and distribution of distilled spirits in interstate commerce since prior to September 23, 2014. A photograph of Chatham's BOMBERGER'S DECLARATION whiskey is set forth below:



16. Since prior to September 23, 2014, Chatham has used the name "Bomberger's" and the trademark BOMBERGER'S DECLARATION in advertising for and on the labels of its whiskey products. Chatham's products are sold at a number of retailers and distributors within this District as well as outside the state of New York, including, but not limited to, Astor Wines and Spirits, 399 Lafayette Street, New York, New York, 10003.

17. Chatham has expended money and resources in advertising and promoting its BOMBERGER'S DECLARATION trademark. As a result of its continuous use of this mark in promotional activities and on labels and packaging materials in interstate commerce, including in this District, to identify its whiskey product, Chatham enjoys valid and subsisting trademark rights in its BOMBERGER'S DECLARATION trademark.

18. By virtue of Chatham's use, sales and promotion of its whiskey products bearing its BOMBERGER'S DECLARATION trademark in interstate commerce, including in this District, its BOMBERGER'S DECLARATION trademark has become distinctive of Chatham's products, and has come to serve to identify and indicate the source of Chatham's products to both the purchasing public and the trade.

19. Chatham has developed valuable goodwill with respect to its BOMBERGER'S DECLARATION trademark among consumers and purchasers of its product.

**DEFENDANTS' INFRINGING ACTIVITIES**

20. On information and belief, after Chatham began using its BOMBERGER'S DECLARATION trademark, Defendants commenced using the

designation "BOMBERGER'S DISTILLERY" in connection with the marketing, sale and distribution of its whiskey product that directly competes with Chatham's BOMBERGER'S DECLARATION product.

21.    On information and belief, Defendants distribute, promote and sell whiskey under the designation "BOMBERGER'S DISTILLERY" throughout the United States, including restaurants, bars and retail establishments in this District.

22.    Chatham has never authorized Defendants to use the "BOMBERGER'S DISTILLERY" designation, and Defendants adopted the designation without Chatham's consent.

23.    On information and belief, Marc L. Reber has filed a trademark application for the designation BOMBERGER'S DISTILLERY with the USPTO for "Distilled Spirits; Spirits; Spirits and liqueurs," in International Class 33, Serial No. 85/799,233 (the "BOMBERGER'S DISTILLERY Application").

24.    In the BOMBERGER'S DISTILLERY Application, Mr. Reber alleges a first use date of the designation in interstate commerce as September 23, 2014. On information and belief, Mr. Reber did not first use the "BOMBERGER'S DISTILLERY" designation mark in interstate commerce as early as September 23, 2014.

25.    On information and belief, "BOMBERGER'S DISTILLERY" whiskey was not blended until October 13, 2014 and not bottled until October 15, 2014. Both of these dates are after Chatham's date of first use of its BOMBERGER'S DECLARATION trademark. As such, on information and belief, Chatham has priority of use over the Defendants including Mr. Reber based on its prior common law rights in the BOMBERGER'S DECLARATION trademark and its use in commerce of the

BOMBERGER'S DECLARATION trademark prior to September 23, 2014.

26. On February 2, 2015, Mr. Reber, through his attorney, sent Chatham a cease and desist letter regarding Chatham's BOMBERGER'S DECLARATION trademark. Mr. Reber requested a response by February 28, 2015. On February 27, 2015, Chatham, through its attorney, responded to Mr. Reber's correspondence, alerting Mr. Reber to Chatham's prior rights in the mark BOMBERGER'S DECLARATION and the likelihood of confusion between Mr. Reber's BOMBERGER'S DISTILLERY designation and Chatham's BOMBERGER'S DECLARATION trademark. Chatham requested a response by March 11, 2015. Chatham received no response from Mr. Reber or his attorney. Chatham sent a follow up letter to Mr. Reber on March 13, 2015. On March 16, 2015, Chatham's attorney received an email from Mr. Reber's attorney merely stating that "Mr. Reber has decided to retain local counsel on this matter." Chatham has not received a substantive response from Mr. Reber or his new counsel.

27. Defendants' use of the designation "BOMBERGER'S DISTILLERY" is likely to cause confusion, mistake or deception as to the source or origin of its goods.

28. The designation "BOMBERGER'S DISTILLERY" is likely to be confused with the BOMBERGER'S DECLARATION mark, because the designation and mark are similar in appearance, sound, pronunciation, meaning, and overall commercial impression. The likelihood of confusion is particularly high in this case as the identical term "Bomberger's" is used prominently in Chatham's mark and in Defendants' designation. Defendants' adoption and use of the generic term "distillery" does not

-8-

obviate the likelihood of confusion with Chatham's BOMBERGER'S DECLARATION mark.

29.     Plaintiff and Defendants offer identical goods, namely, whiskey, a distilled spirit. As such, Defendants' use is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, sponsorship, and approval of Defendants' products.

30.     On information and belief, Defendants' products bearing the "BOMBERGER'S DISTILLERY" designation are sold in the same channels of trade and to the same class of consumers as the Chatham's BOMBERGER'S DECLARATION whiskey.

31.     As such, the purchasing public is likely to wrongly associate Defendants' whiskey with Chatham's, and assume that whiskey bearing the designation "BOMBERGER'S DISTILLERY" emanates from, or is approved, licensed or sponsored by Chatham, has the same source as Chatham's products, or that Defendants are affiliated with Chatham.

32.     Defendants' acts constitute trademark infringement of the BOMBERGER'S DECLARATION trademark. Defendants' infringement is willful, with full knowledge of Chatham's rights and interest in its BOMBERGER'S DECLARATION trademark in connection with whiskey.

33.     Defendants' actions have been, and unless enjoined will continue to be, in violation of federal and New York state law governing trademark infringement and unfair competition, and are causing and will continue to cause damage and immediate and irreparable harm to Chatham, including lost revenues, loss of control over its reputation and loss of goodwill.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

34. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 33 above as though fully set forth herein.

35. By its unauthorized use of the "BOMBERGER'S DISTILLERY" designation, Defendants have falsely designated the origin of their products and have competed unfairly with Chatham, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. On information and belief, Defendants have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not have otherwise made but for their unlawful conduct.

37. By virtue of the foregoing, Defendants have caused Chatham to suffer injuries for which it is entitled to recover compensatory damages. In addition, Defendants' acts are causing and continue to cause Chatham irreparable harm in the nature of lost sales and revenue, loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Chatham will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

38. Chatham has been and will continue to be harmed by Defendants' infringement of the BOMBERGER'S DECLARATION trademark in an amount to be determined at trial.

39. All of these aforementioned acts constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40. Chatham repeats and realleges each of the allegations set forth in Paragraphs 1 through 33 above as though fully set forth herein.

41. Defendants' conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

42. Defendants' use of the "BOMBERGER'S DISTILLERY" designation without Chatham's consent and authorization is likely to cause confusion, or mistake, or to deceive consumers as to the source, origin, sponsorship or affiliation of Defendants' whiskey products, and therefore constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

43. On information and belief, Defendants have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not have otherwise have made but for their unlawful conduct.

44. By virtue of the foregoing, Defendants have caused Chatham to suffer injuries for which it is entitled to recover compensatory damages. In addition, Defendants' acts are causing and continue to cause Chatham irreparable harm in the nature of lost sales and revenue, loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Chatham will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by

OHSUSA:761490211.1

this Court.

45. Chatham has been and will continue to be harmed by Defendants' conduct in an amount to be determined at trial.

## COUNT III
## TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION
### (New York Gen. Bus. Law § 360-1)

46. Chatham repeats and realleges each of the allegations set forth in Paragraphs 1 through 33 above as though fully set forth herein.

47. The BOMBERGER'S DECLARATION trademark is distinctive within the meaning of New York General Business Law § 360-1.

48. Defendants' use of the "BOMBERGER'S DISTILLERY" designation, has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the BOMBERGER'S DECLARATION trademark by destroying the exclusive association between the BOMBERGER'S DECLARATION trademark and Chatham's whiskey, or otherwise lessening the capacity of the BOMBERGER'S DECLARATION trademark to exclusively identify Chatham and its whiskey, and otherwise injure the business reputation of Chatham.

49. On information and belief, Defendants have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not have otherwise made but for their unlawful conduct.

50. Defendants' conduct causes immediate irreparable harm to Chatham. Chatham has no adequate remedy at law sufficient to fully remedy Defendants' conduct, and unless enjoined, Defendants conduct will continue to cause Chatham irreparable harm.

OHSUSA:761490211.1

51.  Chatham has been and will continue to be harmed by Defendants' conduct in an amount to be determined at trial.

52.  All of these acts constitute trademark dilution under New York General Business Law § 360-1.

## COUNT IV
## DECEPTIVE ACTS AND PRACTICES AND FALSE ADVERTISING

(New York Gen. Bus. Law §§ 349-350)

53.  Chatham repeats and realleges each of the allegations set forth in Paragraphs 1 through 33 above as though fully set forth herein.

54.  Defendants' use of the "BOMBERGER'S DISTILLERY" designation in connection with its goods, without the authorization or consent of Chatham, is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendants' products such that consumers may believe that Defendants' whiskey is sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Chatham.

55.  Defendants' acts constitute false advertising and deceptive acts and practices in violation of New York General Business Law §§ 349 and 350, *et seq.*

56.  On information and belief, Defendants have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not have otherwise made but for their unlawful conduct.

57.  Defendants' conduct causes immediate irreparable harm to Chatham. Chatham has no adequate remedy at law sufficient to fully remedy Defendants' conduct, and unless enjoined, Defendants' conduct will continue to cause Chatham irreparable harm.

58. Chatham has been and will continue to be harmed by Defendants' conduct in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Chatham Imports, Inc. respectfully requests that this Court enter judgment against Defendants as follows:

A. Preliminary and permanent injunctive relief enjoining and restraining Defendants and their officers, directors, agents, servants, attorneys, successors, assigns, employees, licensees, and all other persons in privity or acting in concert with them from using orally, in writing, in connection with any product or in any media, the "BOMBERGER'S DISTILLERY" designation or any term, mark, logo, trade name, Internet domain name or any other source identifier or symbol of origin that is confusingly similar to the BOMBERGER'S DECLARATION trademark or likely to dilute its distinctive quality for any purpose;

B. Order that Defendants be adjudged to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York General Business Law § 360-1, and to have committed unfair competition, false advertising and deceptive acts in violation of New York General Business Law §§ 349 and 350 *et seq.*;

C. Order an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts of trademark infringement and dilution, false designation of origin and unfair competition;

D. Award such damages as Plaintiff shall establish in consequence of

-14-

Defendant's acts of trademark infringement and dilution, false designation of origin, and unfair competition, including interest, including an award of three times the amount found as actual damages to properly compensate Plaintiff for Defendants' unlawful conduct pursuant to 15 U.S.C. §1117;

  E. Find that Defendants' unlawful conduct was willful and that this case is exceptional pursuant to 15 U.S.C. §1117;

  F. Order that Chatham recover its costs and expenses including its reasonable attorney's fees and disbursements in this action pursuant to 15 U.S.C. § 1117;

  G. Order that defendant Marc L. Reber affirmatively and expressly abandon the BOMBERGER'S DISTILLERY Application, Serial No. 85/799,233;

  H. Order that defendant Erik Wolfe d/b/a Bomberger's Distillery transfer ownership of the www.bombergersdistillery.com domain name to Chatham;

  I. Order Defendants to recall and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements and all other advertising and promotional materials which would violate the injunction herein granted;

  J. Order that Defendants and their officers, directors, agents, servants, attorneys, successors, assigns, employees, licensees, and all other persons in privity or acting in concert with them take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above;

  K. Order that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendants shall serve upon Plaintiff within thirty (30) days after service of an injunction, or such period as this Court may order, a report in writing under oath setting forth the manner and form in which Defendants have complied with the injunction; and

OHSUSA:761490211.1

L.   Grant any such other and further relief as the Court deems just and proper.

DATED:   March 17, 2015

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Peter D. Vogl (PV 3385)

51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Attorneys for Plaintiff
CHATHAM IMPORTS, INC.

-16-

OHSUSA:761490211.1